Robert C. ROHDIE, Appellant,

v.

Dale WASHINGTON d/b/a Dale's Home Repairs, Appellee.

No. 08–81–00121–CV.

Court of Appeals of Texas, El Paso.

Aug. 18, 1982.

Rehearing Denied Sept. 15, 1982.

Winstead, McGuire, Sechrest & Minick, Dallas, Jay J. Madrid, James R. Callahan, Jeffrey A. Hage, for appellant.

Kasmir, Willingham & Krage, Ben L. Krage, Alan H. Cooper, Dallas, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

WARD, Justice.

This is an appeal from a judgment denying a bill of review. The underlying suit was filed by Dale Washington d/b/a Dale's Home Repairs against Robert C. Rohdie and others to recover $52,611.78 for labor and materials used to repair certain apartments owned by Dalfore, a limited partnership of which Rohdie was the general partner. A summary judgment was entered by the trial court in favor of Dale Washington against Rohdie for the full amount of the claim, and Rohdie attempted to appeal that judgment. Because of a clerical error, Rohdie's attempted appeal was dismissed and the present bill of review was then filed. After hearing, judgment was entered against Rohdie denying the bill of review. In this proceeding, findings of fact and conclusions of law were requested and filed. We affirm.

Dale Washington had furnished labor and materials used on repairing the Steven Forest Apartments in Dallas County at various times between 1975 and October 31, 1977. The apartments were owned by Dalfore

Associates, Ltd., a New Jersey limited partnership which was qualified to do business in Texas, Robert C. Rohdie being the limited partnership's general partner. The unpaid items in the amount of $52,611.78 covered the repair work which was done on the apartments between July 14 and October 31, 1977, and admittedly the sum was owed to Washington. The dispute arose because in August, 1976, Dalfore Associates, Ltd., filed a voluntary petition in bankruptcy in the United States Court in New Jersey, and in February, 1977, a trustee was appointed in those bankruptcy proceedings. The apartments in question were taken over by the mortgage holder in November, 1977, after foreclosure proceedings. Washington then filed suit on his unpaid bill against the general partner, who defended on grounds that the State court was without jurisdiction to adjudicate the claim as the repairs were furnished to the partnership while it was under the exclusive jurisdiction and control of the bankruptcy court and the claim pertained to administrative expenses of the bankruptcy court; that Washington was dealing with a debtor in possession and his contract was made without permission and authority of the trustee of the court or the bankruptcy court; that he had previously filed his claim in the bankruptcy court where it had been denied with prejudice, and that it could not be again litigated.

After discovery proceedings were had, Washington filed a motion for summary judgment and the same was granted, the judgment being signed on May 12, 1980. Counsel for the Appellant was not given notice of the judgment under Rule 306d, but was notified by way of a conformed copy of the judgment prepared by the District Clerk. Due to the clerk's handwriting, the conformed copy appeared to read that it had been signed May 13, and it was from this date that the Appellant undertook to perfect his appeal. It was not until the Appellant attempted to file the transcript with the Court of Civil Appeals that he learned of the discrepancy, and it is undisputed that had the judgment been signed on May 13, 1980, the appeal would have been timely perfected. Due to the discrepancy, the transcript in the appeal could not be filed and the Appellant was forced to institute this present bill of review proceedings. A hearing was held at which the transcript from the original litigation was admitted into evidence and testimony was heard solely on the issue of the erroneous information given by the District Clerk. In its findings of fact and conclusions of law, the trial court found that the bill of review could be predicated on the erroneous information given by the District Clerk, that the Appellant was free from negligence, but that the summary judgment favoring the Appellee in the original litigation would not have been reversed even if the Appellant had perfected a timely appeal.

In his first point of error, the Appellant contends that the trial court erred because he had meritorious defenses as a matter of law stemming in the main from the bankruptcy proceedings against the limited partnership. His second point of error asserts that the trial court used an erroneous standard of review to determine the validity of the bill of review; that the standard as outlined in *Baker v. Goldsmith,* 582 S.W.2d 404 (Tex.1979), should have been followed; and that the trial court was in error when it overruled the bill of review by using a standard that the appeal would probably not have resulted in a reversal.

█ As to the last point, the Appellant is in error. In this situation where both parties participated in the trial but the loser was deprived of an appeal, the procedure and standard outlined in *Petro-Chemical Transport, Inc. v. Carroll,* 514 S.W.2d 240 (Tex.1974), should be followed. There, the applicant for a bill of review must set out in his petition with some particularity the errors he claims were committed against him in the trial and disposition of the original suit; he must then introduce the transcript and the statement of facts from the original suit, if needed in consideration of his alleged errors; and finally, he must establish that if his appeal had been preserved judgment might and probably would have been reversed.

At this point, we note that the party moving for a bill of review must always allege and prove (1) a meritorious defense to the cause of action supporting the judgment against him, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party or as in this case because of reliance on erroneous official information preventing the party from pursuing his appeal, (3) unmixed with any fault or negligence of his own. *Baker v. Goldsmith,* 582 S.W.2d 404, 406–407 (Tex. 1979). It is conceded by the Appellee that elements two and three were established. It therefore remains to be determined if the first element was established; that is, if he alleged, proved and can point out errors which would have justified a reversal in the prior suit had he had an opportunity to complete his direct appeal. *Petro-Chemical Transport, Inc. v. Carroll, supra; Thomason v. Freberg,* 588 S.W.2d 821, 826 (Tex.Civ. App.—Corpus Christi 1979, no writ).

In claiming that he established the first element, the Appellant first contends that the State court was without jurisdiction since exclusive jurisdiction was vested in the bankruptcy court. We disagree. The summary judgment evidence before the trial court in the original cause conclusively established that Dalfore as a limited partnership ordered the work and approved it after it was done at the agreed price and therefore incurred a debt to Washington in the amount of $52,611.78. The Appellant as the general partner of the limited partnership is personally liable for the limited partnership's debts the same as a partner in a general partnership. Article 6132a, Section 10(a), Article 6132b, Section 15, Tex.Rev. Civ.Stat.Ann. Under the bankruptcy act which was in effect at the time the transaction arose, a partnership, including a limited partnership with one or more general partners, could be adjudged bankrupt either separately or jointly with any or all of its general partners, but a discharge of the partnership alone did not discharge the individual general partners from the partnership debts. 11 U.S.C.A., Sections 23(a) and (j), since repealed; 1A Collier on Bankruptcy, Section 16.02, Section 16.07 (14th Ed.

1978). Since the Appellant failed to file for the bankruptcy individually, he remained liable for the limited partnership's debts and cannot now avail himself of the benefits of the bankruptcy act. The Appellant's assertion that the bankruptcy court in New Jersey had exclusive jurisdiction over this claim is incorrect. Section 411 of the Bankruptcy Act, upon which the Appellant relies, would apply only to the limited partnership and not to its general partner. The bankruptcy court would have exclusive jurisdiction of claims against Dalfore but not over Rohdie who was not a party to that proceeding. This law suit does not relate to "property" of the debtor. The property in question had been foreclosed by the superior mortgage holder as of November 1, 1977, a date prior to the filing of the original law suit by Washington. The dispute between Washington and Rohdie in the original case was for a debt against the non-bankrupt party and the bankruptcy court had no jurisdiction whatever to adjudicate the rights of those two parties.

The Appellant next contends that the Appellee was barred from relitigating in a State court the same claim that was denied in the bankruptcy court. The litigation relied on by the Appellant concerned a claim filed by Washington against the trustee in bankruptcy. The Appellant was not a party to the litigation nor was he a privy of any party to that litigation. The previous litigation involved the same subject matter, but it did not involve the same parties. Res judicata does not apply.

The Appellant finally argues that the original summary judgment probably would have been reversed on appeal because issues of fact were raised in the original action. This assertion is incorrect for two reasons. Neither the applicant's bill of review nor his first supplemental petition for bill of review asserted that the summary judgment was erroneous because of the existence of disputed issues of material fact. On the contrary, those pleadings rely solely on the argument that the Appellant had established a meritorious defense as a

matter of law. Having failed to raise this issue in the trial court, the Appellant cannot raise it on appeal for the first time where the appeal was from the summary judgment. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). Even if the point had been properly preserved, the summary judgment evidence relied on by the Appellant did not raise a material issue of fact. The supposed fact which Appellant says was in dispute was whether Washington agreed to look solely to the bankruptcy court for payment at the time that the work was contracted. The evidence upon which Appellant relied was filed on the afternoon of January 17, 1980, and the summary judgment recites that it was heard on January 4, 1980, long before the purported summary judgment evidence was ever filed. Nothing is shown from the record before us that any fact issue was raised whereby Washington had agreed to look to the bankruptcy court for payment.

The Appellant's two points have been considered and are overruled. The judgment of the trial court is affirmed.