**SUNBELT SERVICE CORPORATION, Appellant,**

v.

**Wayne A. VANDENBURG and Katherine L. Vandenburg, Appellees.**

No. 08–89–00011–CV.

Court of Appeals of Texas, El Paso.

Aug. 2, 1989.

Rehearing Denied Aug. 30, 1989.

W. Alan Wright, Haynes & Boone, Dallas, for appellant.

L. Randall Lee, Richard, Lee, Rowley, Cobb & Hall, El Paso, Paul E. Coggins, Davis Meadows O C & Z, Dallas, for appellees.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a summary judgment granted in favor of the Appellees on their counterclaim for usury. We reverse.

In 1983, Mr. Vandenburg was involved in the acquisition of apartment complexes in El Paso. He owned one hundred percent of the stock in Wayne A. Vandenburg Enterprises, Inc. This corporation and Mr. Vandenburg, as the two general partners, formed a limited partnership under the name of Excelsior II. Excelsior II purchased the Alto Mesa Apartments, executing a promissory note in the amount of $2,400,000.00, and which was payable to Sunbelt Service Corporation.

Then these two entities, together with an additional general partner, formed another limited partnership known as Excelsior III. Excelsior III acquired the Sandpiper Apartments, executing another promissory note in favor of Sunbelt in the amount of $2,800,000.00.

Each of these two promissory notes basically limited the liability of the maker to the extent of the lien security against the respective properties, forbidding any deficiency judgments in case of foreclosure.

Thereafter, the apartment business in El Paso declined. Excelsior II became delinquent on its note payment in the sum of $81,654.00, and Excelsior III likewise in the amount of $78,997.90.

Following discussions, it was decided that foreclosure could be avoided by Vandenburg and his wife personally executing a note in the amount of $200,000.00 to Sunbelt. Sunbelt would then apply this amount to the two delinquent Excelsior notes. This was accomplished, and as a contemporaneous part of this transaction, Excelsior II made payable to Wayne A. Vandenburg Enterprises, Inc., a promissory note in the amount of $227,993.04.

Subsequently, the payments on the Excelsior notes were twice renewed and extended, and the $200,000.00 Vandenburg note also was renewed and extended. Further faultering Excelsior note payments fi-

nally fostered terminative action upon the loans. A settlement ensued in which Sunbelt agreed to receive title to the properties in lieu of foreclosure. Excelsior II and III agreed to release the partners of the limited partnership from, "any and all liability under the Notes and Deeds of Trust...." In addition, an agreement was entered whereby the Vandenburgs re-acknowledged the liability under the $200,000.00 note, and Sunbelt agreed to release the collateral securing the loan and extend maturity of the debt for ninety days.

Ultimately, Sunbelt brought suit for payment of the $200,000.00 note, and the trial court denied the claim in summary judgment, holding that this demand was usurious.

Appellees rely on *Alamo Lumber Company v. Gold,* 661 S.W.2d 926 (Tex.1984) to uphold their position of usury. In that case, a defaulting debtor, as a condition of renewing and extending her debt, was required by the creditor to become responsible for the unpaid debt of her son. The court held that a lender who requires as a condition to making a loan that a borrower assume a third party's debt, as distinguished from a requirement that the borrower pay another one of his debts, must include the amount of the third party's debt in the interest computation.

 In this case, it is alleged that Sunbelt required the Vandenburgs to execute the personal note and apply the proceeds to the Excelsior notes as a condition of forbearance of foreclosure. It must be determined if the Excelsior notes were debts of third parties or other debts of the Vandenburgs. General partners of a limited partnership are personally liable to creditors for the limited partnership's debts the same as a partner in a general partnership. *Rohdie v. Washington,* 641 S.W.2d 317 (Tex.App.—El Paso 1982, writ ref'd n.r.e.). Debts contracted during marriage are presumed to be on the credit of the community. *Cockerham v. Cockerham,* 527 S.W.2d 162 (Tex.1975). These were the personal debts of the Vandenburgs, as well as the debts of the corporation in which they were officers and sole stockholders. Vanden-

burgs contend that the Excelsiors' liabilities were limited to the collateral and therefore, in case of default, the Vandenburgs would have no personal liability; that this would preclude them from being considered debtors within the meaning of the law. Upon signing the notes, the general partnerships and the general partners became obligated for the payment of money. Liens were placed upon the real estate by the creditor as collateral security for payment of the loans. Encumbering the lands by liens create collateral securities that run parallel with the principal debts. *Neel v. Maurice,* 223 S.W.2d 690 (Tex.Civ.App.—El Paso 1941). For an instrument to be a mortgage, there must be a debt. *First Baptist Church of Fort Worth v. Bible Baptist Seminary,* 347 S.W.2d 587 (Tex. 1961). Debts existed, and a debt necessarily implies a creditor and a debtor. Had the money been paid as agreed by those who owed it, the liens would have been released without realizing the collateral. Upon default by the obligors on the existing principal debts, the collateral security was available and limited to satisfy that obligation. Had the collateral brought more money from its sale than was owed on the notes, the Vandenburgs would have been entitled to the excess amount, as their debt was limited by the amount they owed under those primary obligations. The Vandenburgs were debtors under the Excelsior contracts and had progressively satisfied the obligations of those contracts as such until times of default. Therefore, any newly required obligation by the Vandenburgs to be applied to the Excelsior debts would not be third party debt for purposes of interest computation.

 To be entitled to summary judgment, the movant must conclusively prove all essential elements of his claim. The burden is on the movant to show that there are no genuine issues of material fact, and that movant is entitled to judgment as a matter of law. Evidence favorable to the non-movant will be taken as true, and every reasonable inference must be indulged in non-movant and any doubts resolved in its favor. *MMP, LTD. v. Jones,* 710 S.W.2d

59 (Tex.1986). When both parties move for summary judgment and one motion is granted and the other is overruled, all questions presented to the trial court may be presented for consideration on appeal, including whether the losing party's motion should have been overruled. *Jones v. Strauss*, 745 S.W.2d 898 (Tex.1988). The Appellees failed to establish usury, and the Appellant succeeded in establishing an absence of usury as a matter of law. The trial court erred in failing to grant the Appellant's Motion for Partial Summary Judgment.

Judgment of the trial court is reversed and the cause of action for usury is rendered in favor of the Appellant. In all other matters, the cause is remanded for trial upon the merits.