United States Court of Appeals,

Fifth Circuit.

No. 92-5652.

COMMONS WEST OFFICE CONDOS, LTD., Plaintiff,

v.

RESOLUTION TRUST CORPORATION, in its capacity as Receiver for Bexar Savings Association, Defendant-Third Party Plaintiff-Appellee,

v.

Clinton WEILBACHER, Third-Party Defendant-Appellant.

Oct. 22, 1993.

Appeal from the United States District Court for the Western District of Texas.

Before POLITZ, Chief Judge, REAVLEY and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Clinton Weilbacher was found liable by the district court for 100% of the outstanding indebtedness on a promissory note that he executed as general partner, on behalf of Commons West Office Condos, Ltd. (the "partnership"). Weilbacher appeals, claiming that he executed a guaranty agreement which limited his liability to 25% of the indebtedness. Finding no error, we affirm.

I

On behalf of the partnership, Weilbacher, a general partner, executed a promissory note (the "Note") in the amount of $936,000.00 to Bexar Savings Association ("Bexar Savings"). The Note was secured by a deed of trust, which granted to Bexar Savings a lien on property owned by the partnership. The partnership, by and through Weilbacher as its general partner, also entered into a loan agreement with Bexar Savings. Contemporaneously, Weilbacher, in his individual capacity, executed a guaranty agreement (the "Guaranty"), guarantying payment of 25% of the principal of the Note, as well as 100% of all interest, expenses, and costs associated with the guarantied indebtedness. The partnership and Weilbacher defaulted on the Note and Guaranty. Subsequently, Bexar Savings posted the property securing the note for foreclosure, and the trustee auctioned the property for $256,500, leaving a deficiency of $913,983.97. The partnership brought suit against Bexar Savings,

seeking a declaration that it had not defaulted.  Subsequently, Bexar Savings was placed into receivership.  The Resolution Trust Corporation ("RTC"), as receiver for Bexar Savings, filed a counterclaim against the partnership and a third party action against Weilbacher, individually and as general partner of the partnership, seeking a deficiency judgment for the amounts due under the Note and Guaranty, as well as attorney's fees.[1]  The RTC filed a motion for summary judgment, arguing that Weilbacher was 100% liable for the deficiency balance, because under state law general partners are liable for the partnership's debts.  Weilbacher claimed that the Guaranty limited his liability to 25% of the deficiency.  The district court granted summary judgment for the RTC, and ordered that Weilbacher pay the RTC interest in the amount of $101,552.38, attorney's fees in the amount of $13,384.67, and expenses totalling $1,743.80, along with post-judgment interest.  The district court took under advisement the issue concerning the extent of Weilbacher's liability for the deficiency amount.  The district court later found that Weilbacher was liable for 100% of the deficiency balance, and ordered Weilbacher to pay the RTC damages in the amount of $913,983.97.  Weilbacher appeals.

II

Weilbacher argues that the district court erred in finding him liable for 100% of the deficiency balance under the Note because the Guaranty limited his liability to 25% of the deficiency balance. The district court found that, under state law, Weilbacher was "liable for 100% of the deficiency balance as general partner of the borrower, independent of his 25% liability as guarantor." We review the district court's interpretation of state law de novo. *See Salve Regina College v. Russell,* 499 U.S. 225, ----, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991).

Weilbacher argues that the Guaranty is ambiguous, and that therefore, we should interpret the Guaranty in a manner most favorable to the guarantor.[2]  "Ambiguity in a contract is a question of law." *Walker v. Horine,* 695 S.W.2d 572, 577 (Tex.App.—Corpus Christi 1985, no writ).  "A contract is ambiguous when it is reasonably susceptible to more than one meaning, in the light of the

---

[1]Subsequently, the partnership filed a notice of bankruptcy in federal district court.  As a result, the RTC filed a motion to sever its claims against the partnership from its main cause against Weilbacher, which the district court granted.

[2]The Guaranty states that it is to be construed under Texas law.

surrounding circumstances and after applying established rules of construction." *Watkins v. Petro-Search, Inc.,* 689 F.2d 537, 538 (5th Cir.1982) (applying Texas law). A fact issue is created only if the court finds that the contract is ambiguous. *Id.* Furthermore,

> [i]n the construction of written contracts, it is a firmly established rule that the intention of the parties must be determined primarily from the body of the written instrument itself. Accordingly, if the terms of an instrument clearly invest it with a definite legal meaning, all necessity for inquiry as to the intent of the parties is then at an end. Therefore, where ... a written contract is clear and certain, and where there is no showing of fraud or mistake, the instrument alone will be deemed to express the intention of the parties and will be enforced as written no matter what their actual intention may have been. It is objective, and not subjective intent that controls the meaning of the contract.

*Madariaga v. Morris,* 639 S.W.2d 709, 712 (Tex.App.—Tyler 1982, writ ref'd n.r.e.) (citations omitted). We construe the Note and Guaranty together because both were executed contemporaneously as a part and parcel of the same transaction. *See Walter E. Heller & Co. v. Allen,* 412 S.W.2d 712, 717 (Tex.Civ.App.—Corpus Christi 1967, error ref'd n.r.e.); *Texas Water Supply Corp. v. Reconstruction Finance Corp.,* 204 F.2d 190, 194 (5th Cir.1953).

We find no ambiguity in the language of the Guaranty. The Guaranty states that "the personal liability of the Guarantor[ ] is hereby expressly limited to twenty-five percent (25%) of the principal balance of the "Guaranteed Indebtedness'...." The Guaranty is silent as to the Texas statute imposing joint and several liability on partners for partnership debts, *see infra,* and makes no mention, or reference to Weilbacher *qua* general partner. The Guaranty mentions Weilbacher only in his capacity as guarantor. In addition, the Note does not state that Weilbacher limited his liability as general partner under the Note. The Guaranty is reasonably susceptible to only the meaning that Weilbacher, in his capacity as guarantor, was limiting his liability to 25%. Consequently, we find no ambiguity in the language of the Guaranty. Therefore, Weilbacher's contention that he intended the limitation of liability clause in the Guaranty to limit his liability as general partner under the Note is irrelevant. *See Madariaga,* 639 S.W.2d at 712 ("It is objective, and not subjective intent that controls the meaning of the contract.").

"General partners of a limited partnership are personally liable to creditors for the limited partnership's debts the same as a partner in a general partnership." *Sunbelt Service Corp. v. Vandenburg,* 774 S.W.2d 815, 817 (Tex.App.—El Paso 1989, writ denied); *see also*

Tex.Rev.Civ.Stat.Ann. art. 6132a-1, § 4.03(b) (Vernon Supp.1993). Under general partnership law, all partners are jointly and severally liable for all debts and obligations of the partnership. Tex.Rev.Civ.Stat.Ann. art. 6132b, § 15 (Vernon Supp.1993). The Guaranty did not reduce or alter the separate and distinct liability of Weilbacher in his capacity as general partner. By executing the Guaranty in addition to the Note, Weilbacher incurred liability in two separate and distinct capacities—as general partner under the Note and as guarantor under the Guaranty. See *Nance v. Resolution Trust Corp.,* 803 S.W.2d 323 (Tex.App.—San Antonio 1990, writ denied) (where general partner of a partnership, on behalf of the partnership, executed a promissory note in favor of a bank, and signed a guaranty of payment in his individual capacity, which limited his liability under the guaranty to 50% of the principal of the promissory note, court stated: "Nance is liable for one hundred percent (100%) of the deficiency balance as General Partner of the Borrower, independent of his fifty percent (50%) liability as Guarantor.");[3] *FDIC v. Singh,* 977 F.2d 18 (1st Cir.1992) ("[T]he non-recourse provision limits the liabilities incurred under the 1987 Note by the appellants acting as partners of Bandon Associates; it does not limit the separate and distinct liabilities incurred by the appellants in their capacities as guarantors."). The district court correctly found that Weilbacher was 100% liable for the entire deficiency as general partner of the partnership, independent of his 25% liability as guarantor.[4]

---

[3] In *Nance,* the court found that Nance incurred two separate and distinct liabilities apparently because the guaranty specifically stated that the obligations of the guarantor (Nance, individually) were independent of the obligations of the borrower (the partnership). *See Nance,* 803 S.W.2d at 334. Although the guaranty in this case did not specifically state that Weilbacher's obligations as guarantor were independent of the partnership's as borrower, we find *Nance* indistinguishable, because a guaranty obligation is, by its very terms, an obligation independent of the obligation of the borrower under a note. *See United States v. Little Joe Trawlers, Inc.,* 776 F.2d 1249, 1252 (5th Cir.1985) (applying Texas law) ("While the *extent* of a guarantor's liability certainly does not exceed the maker's underlying obligation, the actual *liability* of the guarantor may exist even when the maker himself is not liable on the note."); *Southwest Savings Assoc. v. Dunagan,* 392 S.W.2d 761, 766 (Tex.Civ.App.—Dallas 1965, writ ref'd n.r.e.) ("A guaranty obligation, is by its very terms, a secondary obligation dependent upon the existence of a principal obligation."); 68 Tex.Jur. § 141, at 506 ("[T]he respective undertakings of the principal promisor and the promisor of guaranty, are distinct in spite of the factual inter-relationship between these undertakings.").

[4] Although the partnership filed for a discharge in bankruptcy, there is nothing in the record indicating that Weilbacher filed for bankruptcy individually. He, therefore, remains liable for 100% of the partnership's debt. *See Rohdie v. Washington,* 641 S.W.2d 317, 320 (Tex.App.—El Paso 1982, error ref'd n.r.e.).

## III

For the foregoing reasons, we AFFIRM the district court's judgment.