

In The

## Court of Appeals

### Seventh District of Texas at Amarillo

_____

No. 07-12-00480-CV

_____

INITIATIVES HEALTHCARE, INC., INITIATIVES HEALTHCARE, LLC, JOHN EDWARD MCEACHERN, DARIO LORENZO LIZARRAGA, MICHAEL F. BOYER, GARY FAULKNER, APPELLANTS

V.

DIVLEND EQUIPMENT LEASING, LLC, APPELLEE

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. 2012-502-283; Honorable Ruben G. Reyes, Presiding

October 31, 2013

MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellants, Initiatives Healthcare, Inc., Initiatives Healthcare, LLC, John Edward McEachern, Dario Lorenzo Lizarraga, Michael F. Boyer, and Gary Faulkner, appeal the trial court's denial of their special appearances in a suit brought by Appellee, DivLend Equipment Leasing, LLC. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(7) (West

Supp. 2013). Appellee brought this suit seeking to collect sums due pursuant to six separate guaranty agreements, each guarantying the performance of an equipment lease between Appellee and Healthcare of Florence, LLC, an Arizona Limited Liability Company. By two issues, Appellants assert (1) the forum selection clause in the equipment lease agreement is ineffective as a waiver of their right to object to personal jurisdiction in a suit based on the individual guaranty agreements, and (2) no personal jurisdiction otherwise exists. We affirm.

## BACKGROUND

DivLend operates an equipment leasing company. In June 2010, DivLend agreed to lease medical and hospital equipment for use in a hospital operated by Healthcare of Florence, LLC, located in Florence, Arizona. DivLend's underlying suit alleges Healthcare of Florence, LLC defaulted on the equipment lease and DivLend is seeking to collect from the guarantors.

### EQUIPMENT LEASE AGREEMENT

Healthcare of Florence, LLC executed an equipment lease agreement dated May 14, 2010, and sent the executed agreement to DivLend in Texas. On June 14, DivLend accepted the lease agreement in Texas. DivLend remains the owner/holder of the right to payment under the lease agreement and is the owner of the leased equipment. DivLend is identified in the agreement as the Lessor and its location is expressly identified by the address of its sole office in Lubbock, Lubbock County, Texas. Paragraph 15 of the lease agreement contains the following provision:

F.    Governing Law; Choice of Forum for Resolution for Disputes and Waiver of Jury Trial

(i) AS USED IN THIS PARAGRAPH 15 F (i), "APPLICABLE JURISDICTION" MEANS THE STATE, AS THE SAME MAY CHANGE FROM TIME TO TIME, WHERE THE HOLDER OF THE LESSOR'S INTEREST [DivLend] IN THIS LEASE MAINTAINS ITS PRINCIPAL OFFICE RESPONSIBLE FOR ADMINISTERING THIS LEASE. THIS LEASE AND ANY GUARANTY HEREOF SHALL BE INTERPRETED AND CONSTRUED IN ACCORDANCE WITH, AND GOVERNED BY, THE LAWS OF THE APPLICABLE JURISDICTION APPLICABLE TO THE LEASE AND GUARANTY AGREEMENTS, RESPECTIVELY, MADE AND TO BE FULLY PERFORMED IN THE APPLICABLE JURISDICTION.

(ii) AS USED IN THIS PARAGRAPH 15 F (ii), "APPLICABLE JURISDICTION" MEANS THE COUNTY WITHIN THE STATE, AS THE SAME MAY CHANGE FROM TIME TO TIME, WHERE THE HOLDER OF THE LESSOR'S INTEREST IN THIS LEASE MAINTAINS ITS PRINCIPAL OFFICE RESPONSIBLE FOR ADMINISTERING THIS LEASE. ALL ACTIONS PROCEEDINGS OR LITIGATION BROUGHT BY LESSOR OR LESSEE OR ANY GUARANTOR(S) SHALL BE INSTITUTED AND PROSECUTED IN THE APPLICABLE JURISDICTION. THE PARTIES ACKNOWLEDGE THEIR AGREEMENT THAT THE STATE COURTS SITTING IN THE APPLICABLE JURISDICTION SHALL BE THE EXCLUSIVE FORUM FOR ALL ACTIONS, PROCEEDINGS OR LITIGATION BETWEEN OR AMONG THE PARTIES, NOTWITHSTANDING THAT OTHER COURTS MAY HAVE JURISDICTION OVER THE PARTIES AND THE SUBJECT MATTER.

GUARANTY AGREEMENTS

DivLend conditioned execution of the lease agreement on execution of certain limited and unlimited guaranty agreements. On May 17, Initiatives Healthcare, Inc., Initiatives Healthcare, LLC, and McEachern executed unlimited guaranty agreements while Faulkner, Lizarraga, and Boyer executed limited guaranty agreements on May 17, 19, and 26, respectively. Each guaranty agreement expressly makes reference to the May 14 lease agreement between DivLend and Healthcare of Florence, LLC. Although the individual guarantors' liability differed, the guaranty agreements "absolutely and unconditionally guarant[eed] to [DivLend] the prompt payment in full when due of all

3

payments of rent and all other amounts payable by the Lessee to the Lessor and the *performance by the Lessee of all of the Lessee's other obligations under the Lease.*" (Emphasis added).

Each guaranty agreement also stated "[t]his Guaranty will be governed by and construed in accordance with the law of Texas applicable in agreements made and performed in Texas." Faulkner's, Boyer's, and Lizarraga's guaranty agreements also stated "[v]enue of any action arising out of, or related to this Guaranty, shall exclusively be in state or federal court in Lubbock County, Texas." The signed guaranty agreements were returned to DivLend by mail or facsimile and, to the extent there were telephone conversations or negotiations regarding the guaranty agreements, Jeff Horn, DivLend's Vice President, conducted those negotiations from Lubbock. All negotiations concerning the provisions of the lease agreement were also conducted by Horn from Lubbock. Healthcare of Florence, LLC's lease payments were also made to DivLend in Lubbock.

PROCEEDINGS BELOW

In September 2012, DivLend filed its *First Amended Petition* alleging Healthcare of Florence, LLC had breached the lease agreement and sought to enforce the individual guaranty agreements. In its petition, DivLend alleged Appellants purposely availed themselves of the privileges and benefits of conducting business in Texas and agreed to suit in Texas based on the terms of both the lease agreement and guaranty agreements. Each Appellant filed a special appearance challenging whether personal jurisdiction over them existed. DivLend responded by contending the obligation of each

4

Appellant was based upon a contractual agreement containing a choice-of-law provision making Texas law applicable to the agreement, and a forum-selection/consent-to-jurisdiction clause providing that any suit between the parties would be heard in Lubbock County, Texas. The trial court held a hearing after which it denied their jurisdictional challenges. This appeal followed.

## STANDARD OF REVIEW

Determining whether a trial court has personal jurisdiction over a defendant presents a question of law subject to *de novo* review. *BMC Software Belg., N.V. v. Marchand,* 83 S.W.3d 789, 794 (Tex. 2002). Because the trial court's exercise of personal jurisdiction over a nonresident defendant is one of law, an appellate court reviews the trial court's determination of a special appearance *de novo. Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007). Trial courts must sometimes, however, resolve fact issues before deciding personal jurisdiction and, if, as here, the trial court does not sign findings of fact and conclusions of law, all facts necessary to support the trial court's ruling and supported by the evidence are implied in favor of the trial court's decision. *BMC Software,* 83 S.W.3d at 794-95.

The plaintiff bears the initial burden of pleading sufficient allegations to bring a nonresident defendant within the provisions of the Texas long-arm statute. *Moki Mac*, 221 S.W.3d at 574; *BMC Software*, 83 S.W.3d at 793. The burden then shifts to the nonresident defendant to negate all bases of personal jurisdiction asserted by the plaintiff. *Moki Mac*, 221 S.W.3d at 574*; BMC Software,* 83 S.W.3d at 793*.* This Court does not resolve merits-based questions on appeal regarding a special appearance.

5

*Pulmosan Safety Equip. Corp. v. Lamb,* 273 S.W.3d 829, 839 (Tex.App.—Houston [14th Dist.] 2008, pet. denied).

## PERSONAL JURISDICITON

The Texas long-arm statute permits Texas courts to exercise jurisdiction over a nonresident defendant that does business in Texas. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.041-.045 (West 2008); *BMC Software*, 83 S.W.3d at 795. Under that statute, as applicable to the facts of this case, a nonresident does business in Texas if the nonresident contracts with a Texas resident and either party is to perform that contract in whole or in part in this state. TEX. CIV. PRAC. & REM. CODE ANN. § 17.042(1). The broad language of section 17.042 extends the jurisdiction of a Texas court "as far as the federal constitutional requirements of due process will permit." *PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 166 (Tex. 2007) (quoting *U-Anchor Adver., Inc. v. Burt*, 553 S.W.2d 760, 762 (Tex. 1977)).

The Due Process Clause of the Fourteenth Amendment operates to limit the power of a state to assert personal jurisdiction over a nonresident defendant. *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., Solano Cnty.*, 480 U.S. 102, 108, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987); *Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 413-14, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471-72, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294, 100 S.Ct. 559, 62

6

L.Ed.2d 490 (1980); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed.2d 95 (1945). Under the Due Process Clause, personal jurisdiction over a nonresident defendant is constitutionally permissible when the nonresident defendant has sufficient minimum contacts with the forum state and the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Burger King*, 471 U.S. at 476; *Int'l Shoe*, 326 U.S. at 320. Personal jurisdiction is, however, a waivable right, and any party may voluntarily consent to be subject to a forum's jurisdiction. *Burger King*, 471 U.S. at 472.

### APPLICATION

In this case, DivLend asserts that personal jurisdiction is established over Appellants because they voluntarily consented to jurisdiction in Lubbock County under the terms of the lease and guaranty agreements. Appellants contend the forum-selection/consent-to-jurisdiction clause in the lease agreement is ineffective as a waiver of the right to object to personal jurisdiction in a suit based on the guaranty agreements.

When construing a contract, our primary goal is to determine the intent of the parties as expressed within the four corners of the contract. *Chrylser Ins. Co. v. Greenspoint Dodge of Houston, Inc.*, 297 S.W.3d 248, 252 (Tex. 2009). Here, each guaranty agreement expressly references that DivLend was entering into the underlying lease agreement "in part only [because] the undersigned (the "Guarantor") enter[ed] this Guaranty." Each agreement further states that the guarantor "absolutely and unconditionally, guarantees . . . the performance . . . of all . . . obligations under the Lease . . . ." Because the guarantee agreement expressly references the lease

7

agreement, the two documents should be read and construed together. *See In re Laibe Corp.,* 307 S.W.3d 314, 317 (Tex. 2010) (documents pertaining to the same transaction may be read together even if executed at different times). *See also Commons W. Office Condos v. Resolution Trust Corp.,* 5 F.3d 125, 127 (5th Cir. 1993) (note and guaranty construed together because both executed contemporaneously as part and parcel of the same transaction).

CONSENT-TO-JURISDICTION CLAUSE

If a litigant signs a contract containing a consent-to-jurisdiction clause, then that litigant either has consented to personal jurisdiction or waived the requirements for personal jurisdiction in the forum or forums within the scope of the clause. *Burger King,* 471 U.S. at 473 n.14; *Tri-State Bldg. Specialties*, *Inc. v. NCI Bldg. Sys.*, *L.P.*, 184 S.W.3d 242, 248 (Tex. App.—Houston [1st Dist.] 2005, no pet.). Here, the lease agreement contained an express clause governing the parties' choice of law for actions between the parties as well as the forum for dispute resolution—Lubbock County, Texas. Healthcare of Florence, LLC signed the lease agreement and each guarantor guaranteed prompt payment to DivLend in the event of default *and* performance of "all of the [Healthcare of Florence, LLC's] other obligations under the Lease." The guaranty agreements expressly reference the lease agreement and they were executed contemporaneously with it. The applicable contractual provisions referenced above are a hybrid that may be termed either a forum-selection or consent-to-jurisdiction clause or both. Regardless of the term we apply, our analysis is the same. *See Parrot-Ice Drink Products of America*, *Ltd. v. K & G Stores*, *Inc.*, No. 14-09-00008-CV, 2010 Tex. App. LEXIS 2345, at *15-16 (Tex. App.—Houston [14th Dist.] March 20, 2010, no pet.) (mem.

8

op.) (at a minimum, the standard for enforcing consent-to-jurisdiction clauses would be as favorable as the standard for enforcing a mandatory forum-selection clause). *See also In re Int'l Profit Assocs.*, *Inc.*, 274 S.W.3d 672, 675 (Tex. 2009) (mandatory forum selection clauses are presumptively enforceable). Each guaranty agreement states "[t]his Guaranty will be governed by and construed in accordance with the law of Texas applicable to agreements made and to be performed in Texas." Further, the guaranty agreements executed by Lizarraga, Boyer, and Faulkner specifically state that "[v]enue of any action arising out of, or related to this Guaranty, shall exclusively be in state or federal court in Lubbock County, Texas."

Appellants also assert the consent-to-jurisdiction clause in the lease agreement is unenforceable as a matter of law because, *of the possibility,* that DivLend *might* select any forum by simply assigning the administration of the lease agreement to an office located in a particular forum. Appellants presented no evidence to the trial court indicating DivLend intended to, or has engaged, or would engage in forum shopping. To the contrary, the evidence indicates DivLend has maintained only one office throughout the entirety of the parties' leasing relationship, and that was in Lubbock County, Texas.

Neither can we find the clauses unenforceable as a matter of law. *See Parrot-Ice Drink Products*, 2010 Tex. App. LEXIS 2345, at *9-12, 14-16. Appellants have failed to make a clear showing that the clauses are invalid due to fraud or overreaching, enforcement would be unreasonable or unjust, enforcement would contravene a strong public policy of the forum where suit was brought, or the selected forum would be seriously inconvenient for trial. *See In re Int'l Profit Assocs.*, *Inc.*, 274 S.W.3d at 675.

9

Reading each guaranty agreement in light of the lease agreement, we find the record supports the trial court's implied finding that each guarantor consented to jurisdiction in Lubbock County, Texas, and that the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. Accordingly, Appellants' first issue is overruled and their second issue is pretermitted. *See* TEX. R. APP. P. 47.1.

**CONCLUSION**

The trial court's order is affirmed.

Patrick A. Pirtle
Justice

Quinn, C.J., concurring.